UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GARY JAMES,<br><br>        Plaintiff,<br><br>v.<br><br>Sgt. ARLEN SHANBLOTT, and<br>DANIEL CHRISTAINSON,<br><br>        Defendants. | Civil No. 12-1979 (PJS/TNL)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that this action be dismissed without prejudice.

Plaintiff commenced this action by filing a complaint seeking relief for alleged violations of his federal constitutional rights. He did not pay the $350 filing fee required by 28 U.S.C. § 1914, but instead applied for leave to proceed IFP. The Court previously reviewed Plaintiff's IFP application and found that it could not be granted because, among other reasons, the application did not include the current certified prisoner trust account information that is required by 28 U.S.C. § 1915(a)(2). The inadequacy of Plaintiff's IFP application was called to his attention by the Court's order dated September 17, 2012. (Docket No. 3.) That order gave Plaintiff 30 days to file a new IFP application with the current certified trust account information required by § 1915(a)(2). The order expressly

advised Plaintiff that if he did not file an amended IFP application within 30 days, he would be deemed to have abandoned this case, and it would be recommended that this case be dismissed pursuant to Fed. R. Civ. P. 41(b).

The deadline for complying with the Court's prior order has now expired. To date, however, Plaintiff has neither filed an amended IFP application, nor offered any excuse for his failure to do so. Therefore, based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with the prior order, it is now recommended that Plaintiff be deemed to have abandoned this action and that the action be summarily dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). See also Henderson v. Renaissance Grand Hotel, 267 Fed. Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

[Continued on next page.]

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis (Docket No. 2) be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: November __9th__, 2012

                                               _s/ Tony N. Leung_
                                               TONY N. LEUNG
                                               United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **December 12, 2012**.